# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Erin Wilkening, | Case No. 23-cv-3143 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. Department of Education, Justice Department Debt Collection Services, Nelnet, Experian, Equifax, and TransUnion, | |
| Defendants. | |

This matter is before the Court on Plaintiff Erin Wilkening's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3 ("IFP Application")]. For the following reasons, the Court denies the IFP Application without prejudice.

"The central question [when assessing an application to proceed *in forma pauperis* ("IFP")] is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)); *Larson v. Minn. Dep't of Hum. Servs.*, No. 23-CV-1823 (JRT/DJF), 2023 WL 4160599, at *1 (D. Minn. June 23, 2023) (making same point (quoting *Ayers*-reliant caselaw)). "The opportunity to proceed [IFP] is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).

At this point, the Court cannot conclude that paying this proceeding's costs would cause Wilkening undue hardship or deprive her of life's necessities.  Essentially, this is because without more, the IFP Application is hard to credit.  Wilkening reports no income over the past twelve months as well as no expenses whatsoever.  [*See* IFP Appl. 1–2.]  An IFP application need not be to-the-penny exhaustive, but an applicant must make a good-faith effort to explain his or her financial situation.  The present IFP Application does not do so; without more explanation, it is hard to understand (without some sort of explanation) how Wilkening is proceeding through life with no income or expenses.

Furthermore, the IFP Application is unsigned.  [*See id.* at 2.]  Under Rule 11(a) of the Federal Rules of Civil Procedure, any filing "must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented."  Furthermore, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

Given these concerns, the Court denies the IFP Application.  This denial is without prejudice—in other words, Wilkening can reapply if she wishes.  Otherwise, she must pay this action's filing fee.  If she does neither, then the Court will recommend dismissing this action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).[1]

---

[1] In addition, the Court notes that mail sent to Plaintiff's address of record (1237 Filmore Street Northeast, Blaine, MN 55434) has been returned as undeliverable.  "It is Plaintiff's responsibility to keep this Court properly apprised of h[er] current address so that [s]he may receive correspondence from this Court." *Jackson v. Brown*, No. 18-cv-2567 (WMW/LIB), 2020 WL 1236708, at *3 (D. Minn. Jan. 3, 2020), *report and recommendation adopted*, 2020 WL 1236562 (D. Minn. Mar. 13, 2020); *see also, e.g., Hogquist v. Anoka Cty. Dist. Courts*, No. 19-cv-2471

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY ORDERED THAT**:

1.    Plaintiff Erin Wilkening's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **DENIED WITH-OUT PREJUDICE**.

2.    Within 21 days of this Order's date, Wilkening must either (1) pay this action's filing fee, or (2) submit a new application to proceed *in forma pauperis* in this action.  If she does neither, the Court will recommend dismissing this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: November___1___, 2023

_____*s/ Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Wilkening v. U.S. Department of Education et al.*
Case No. 23-cv-3143 (DWF/TNL)

---

(WMW/KMM), 2019 WL 6874709, at *1 n.1 (D. Minn. 17, 2019).  Plaintiff is further cautioned that "[c]ourts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by falling to provide a current address at which he or she can be reached." *Jackson*, 2020 WL 1236708, at *2 (quotation omitted); *see also, e.g.*, *Medicine v. Pine Cnty. Sheriff's Off.*, No. 22-cv-2953 (NEB/LIB), 2023 WL 4907782, at *2-3 (D. Minn. June 27, 2023), *report and recommendation accepted sub nom. Dakota Kalob Med. v. Gavzy*, No. 22-cv-2953 (NEB/LIB), 2023 WL 4902162 (D. Minn. Aug. 1, 2023).  The Court will direct that this Order be mailed to the Filmore Street address provided, but anticipates it too may be returned as undeliverable.